ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ANDRÉS RUIZ MARTÍNEZ<br><br>Recurrido<br><br>v.<br><br>MICHAEL CASCIANO NIEVES Y OTROS<br><br>Peticionario | **TA2026CE00772** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Humacao<br><br>Civil Núm.: HU2025CV00172<br><br>Sobre: Procedimiento Especial, Artículo 14.1 de la Ley Núm. 161 del 1 de diciembre de 2009 según enmendada. |

Panel integrado por su presidente el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 26 de junio de 2026.

Comparece ante nos el Sr. Micheal Casciano Nieves (señor Casciano o "el peticionario") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, notificada el 28 de abril de 2026. Mediante el referido dictamen, el foro primario denegó la concesión de honorarios de abogado.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto *certiorari* solicitado.

### I.

El 7 de febrero de 2025, el Sr. Andrés Ruiz Martínez, la Sra. Lourdes T. Soto Alvarado y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "parte recurrida") presentaron una *Demanda* contra el señor Casciano, la Sra. Judith Kotick González y la Sociedad Legal de Gananciales compuesta por ambos (en

conjunto, "parte peticionaria").[1] Mediante esta, informaron que la parte peticionaria es dueña de una propiedad en Humacao, la cual colinda con el patio posterior de su propiedad. Arguyeron que, los peticionarios estaban construyendo, sin contar con el debido permiso de construcción, al menos dos estructuras en violación al Reglamento Conjunto 2023 y a la Ley Núm. 161-2009.

El 20 de febrero de 2025, los peticionarios presentaron una solicitud de desestimación.[2] En esencia, alegaron que contaban con un permiso de construcción número 2024-583122-PCOC-306619, y un letrero frente a la residencia. Así pues, resaltaron que debido a la falta de fundamentos por parte de los peticionarios, así como la falta de legitimación activa y partes indispensables, solicitaron la desestimación del caso.

Luego de varias incidencias procesales, el 6 de mayo de 2025, los recurridos presentaron su *Oposición a Solicitud de Desestimación*.[3] Arguyeron que, el permiso en controversia sufre de singularidades que inciden directamente en la legalidad del propio permiso y el alcance de este. Entre ellas, que para poder aprobarse un permiso de construcción el cual conlleva una variación en los parámetros de construcción establecidos en el Reglamento Conjunto 2023, era necesario el que se llevara a cabo una vista pública para atender la reseñada variación, y ésta no fue llevada a cabo. Añadieron que, tampoco fueron notificados de la solicitud de permiso siendo colindantes del proyecto. Por ello, manifestaron

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Moción Asumiendo Representación Legal y en Solicitud de Desestimación*, entrada núm. 10 en SUMAC.
[3] *Oposición a Solicitud de Desestimación*, entrada núm. 26 en SUMAC.

que al ser nulo el permiso aprobado, procedía se declarara con lugar la demanda y se ordenara la demolición de las obras.

El 28 de mayo de 2025, los peticionarios presentaron una *Demanda Enmendada*, con el fin de incluir las alegaciones necesarias para la revocación del permiso de construcción y a partes indispensables, entre ellas, el Municipio Autónomo de Humacao y la Junta de Planificación de Puerto Rico.[4]

Luego de varios trámites, el 14 de enero de 2026, los recurridos presentaron una *Moción de Desistimiento Voluntario*.[5] En esta, indicaron que luego de lograr comunicación con el perito a ser utilizado en el juicio, éste había informado que estaba delicado de salud y recluido en intensivo. No obstante, debido a la necesidad del testimonio de un perito, para que se pueda probar que el permiso de construcción fue aprobado de manera ilegal y contraria a la reglamentación aplicable, solicitaron desistir de la causa de acción, sin perjuicio.

Así las cosas, el 20 de enero de 2026, el foro primario notificó una *Sentencia*, mediante la cual decretó el archivo del caso, sin perjuicio.[6]

El 30 de enero de 2026, los peticionarios presentaron un *Memorando de Honorarios de Abogado y Tasación de Costas*.[7] En este, solicitaron el pago de $9,496.95 por concepto de honorarios y costas. Alegaron

---

[4] *Demanda Enmendada*, entrada núm. 30 en SUMAC. El 6 de mayo de 2025, los peticionarios presentaron *Solicitud de Autorización para Enmendar Demanda*. Véase, entrada núm. 27 en SUMAC. Así pues, el 15 de mayo de 2025, el foro primario notificó una *Orden*, en la cual la declaró Ha Lugar. Véase, entrada núm. 28 en SUMAC.
[5] *Moción de Desistimiento Voluntario*, entrada núm. 69 en SUMAC.
[6] *Sentencia*, entrada núm. 70 en SUMAC.
[7] *Memorando de Honorarios de Abogado y Tasación de Costas*, entrada núm. 71 en SUMAC.

que, luego de casi un año de litigio activo, los recurridos presentaron una moción de desistimiento voluntario, lo que constituye una conducta no razonable y carente de mérito. Añadieron que, estuvieron obligados a incurrir en gastos y en tiempo significativo de preparación. Por ello, procedía la imposición de las costas y honorarios de abogados reclamadas.

El 6 de marzo de 2026, los recurridos presentaron una *Moción en Cumplimiento de Orden*.[8] En primer lugar, expresaron estar de acuerdo y se allanaban a pagar $90.00 correspondientes a las costas por los aranceles de comparecencia. Sin embargo, objetaron el pago de los honorarios de abogado. Argumentaron que, la *Demanda* estaba bien fundamentada y que el desistimiento no se debió a dejadez o temeridad, sino a una causa de fuerza mayor fuera de su control, el no poder contar oportunamente con su prueba pericial.

Evaluadas las mociones, el 28 de abril de 2026, el foro primario notificó una *Orden*, en la cual declaró *No Ha Lugar* a la imposición de honorarios de abogado.[9] Sin embargo, concedió las costas incurridas por concepto de cancelación de sellos pro la cantidad de $90.00.

En desacuerdo, el 13 de mayo de 2026, los peticionaros presentaron una *Moción en Reconsideración en Torno a la Denegatoria de Honorarios de Abogado*.[10] En esta, reiteraron que el pleito se extendió por casi un año y los recurridos habían desistido de forma tardía al no contar con su prueba pericial. Esbozaron que, al amparo del Artículo 14.1 de la Ley Núm. 161-2009,

---

[8] *Moción en Cumplimiento de Orden*, entrada núm. 77 en SUMAC.
[9] *Orden*, entrada núm. 79 en SUMAC.
[10] *Moción en Reconsideración en Torno a la Denegatoria de Honorarios de Abogado*, entrada núm. 80 en SUMAC.

procedía la imposición de honorarios debido a la falta de razonabilidad de un desistimiento a última hora o en la alternativa, que el Tribunal emitiera una Resolución debidamente fundamentada en la que explicara por qué no procedía la concesión de los honorarios.

El 15 de mayo de 2026, el foro primario notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* la reconsideración de los peticionarios.[11] Determinó que, la imposición de honorarios es una sanción extraordinaria para conductas temerarias u obstinadas, y que el desistimiento tardío o el no prevalecer en el caso no implicaba una penalización automática. Así pues, concluyó que la demanda no había sido presentada con frivolidad, y el desistimiento se debió a la indisponibilidad del perito de los recurridos debido a una situación de salud, el cual estuvo ingresado en cuidado intensivo. Por lo tanto, destacó que aun cuando el desistimiento ocurrió en una etapa avanzada del procedimiento, no era suficiente por sí solo para justificar la imposición de honorarios de abogado como sanción.

Aun inconforme, el 15 de junio de 2026, el peticionario presentó el recurso de epígrafe, mediante el cual esbozó el siguiente señalamiento de error:

> **PRIMER SEÑALAMIENTO DE ERROR:** Erró el Honorable Tribunal de Primera Instancia al no conceder los honorarios de abogado a la parte demandada, en contravención a lo establecido por la Ley Núm. 161 de 2009, mejor conocida como la Ley para la Reforma del Proceso de Permisos de Puerto Rico.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho"

---

[11] *Resolución*, entrada núm. 81 en SUMAC.

del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42 (2025).

## II.

## -A-

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise discrecionalmente determinaciones interlocutorias de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio de Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón v. Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372; citando a *Negrón v. Srio. De Justicia*, supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la expedición del auto de *certiorari* para la revisión de dictámenes interlocutorios bajo las Reglas 56 y 57 de Procedimiento Civil, y denegatorias de mociones dispositivas. *McNeill Healthcare LLC v. Municipio de Las Piedras*, supra; *Scotiabank de Puerto Rico v. ZAF Corporation et al.*, 202 DPR 478 (2019). Como excepción, permite la revisión de asuntos de admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o cuando esperar a la apelación ocasionaría un fracaso irremediable de la justicia. *Íd.* El Tribunal Supremo de Puerto Rico en el caso *IG Builders v. BBVAPR*, 185 DPR 307, 339 (2012), expresó que para no quedar desprovistas de revisión, las determinaciones post-sentencia pueden ser revisadas por el foro intermedio al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *según enmendada, In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

Por otro lado, precitada regla dispone los criterios que guían el ejercicio de la facultad discrecional de este foro para atender el recurso de *certiorari*, al considerar:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegatoria de la expedición del auto de *certiorari* no requiere expresar sus fundamentos ni implica una adjudicación en los méritos. *IG Builders et al. v. BBVAPR*, supra, pág. 336; *McNeill Healthcare LLC v. Municipio de Las Piedras*, supra, pág. 405.

**-B-**

La Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, establece la imposición de honorarios de abogado cuando se determina por el tribunal sentenciador que una parte o abogado ha actuado con temeridad o frivolidad. El concepto temeridad no está expresamente definido por la citada regla de procedimiento civil. Sin embargo, en *Fernández v. San Juan Cement Co. Inc.,* 118 DPR 713, 718-719 (1987), el Tribunal Supremo de Puerto Rico expresó lo siguiente:

> [L]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia. También sujeta al litigante inocente a las ordalías del proceso judicial y lo expone a gastos innecesarios y a la contratación de servicios profesionales, incluyendo abogados, con el gravamen a veces exorbitante para su peculio. H. Sánchez, *Rebelde Sin Costas*, 4(2) Boletín Judicial 14 (1982).

Cabe señalar que el propósito principal de autorizar la imposición de honorarios de abogado en casos de temeridad está basado en penalizar a un litigante perdidoso que por su tenacidad e intransigencia, entre otras cosas, induce a una parte,

sin necesidad a ello, a incurrir en gastos, molestias y la contrariedad de un pleito. *Soto v. Lugo*, 76 DPR 444, 446-447 (1954).

A su vez, en el caso de *Fernández v. San Juan Cement Co. Inc.*, supra, se expuso que la acción que amerita la condena de honorarios de abogado es cualquiera que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente o que produzca la necesidad de que otra parte incurra en gestiones inevitables. Véase, además: *Santos Bermúdez v. Texaco de Puerto Rico, Inc.*, 123 DPR 351 (1989). La jurisprudencia ha señalado los siguientes actos como temerarios: "cuando el demandado contesta la demanda y niega su responsabilidad total, aunque la acepte posteriormente; cuando se defiende injustificadamente de la acción que se presenta en su contra; cuando no admite francamente su responsabilidad limitada o parcial, a pesar de creer que la única razón que tiene para oponerse a la demanda es que la cuantía es exagerada; cuando se arriesga a litigar un caso del que prima facie se desprende su negligencia; o cuando niega un hecho que le consta ser cierto." *Fernández v. San Juan Cement Co., Inc.,* supra, págs. 718-719.

La imposición de honorarios de abogado es un asunto que descansa en la sana discreción del tribunal sentenciador por lo que dicha determinación no se revisará a menos que se demuestre un abuso por parte del foro recurrido. De igual forma, una partida de honorarios de abogado concedida por el tribunal de instancia no se varía en apelación a menos que la misma sea excesiva, insignificante o constituya un abuso de discreción. *Ramírez Anglada v. Club Cala de Palmas*, 123 DPR 339, 350 (1989).

-C-

El Artículo 14.1 de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161 de 1 de diciembre de 2009, según enmendada, establece un interdicto estatutario extraordinario para impugnar obras o usos que incumplen la normativa de planificación. 23 LPRA sec. 9024. Véase, además: *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135 (2024). Procede, entre otros remedios, para revocar permisos, paralizar obras o demoler construcciones cuando carecen de las autorizaciones requeridas o se ejecutan en contravención al permiso concedido. *Íd*.

En cuanto a la concesión de honorarios de abogado, el Artículo 14.1 de la Ley Núm. 161-2009, *supra*, sec. 9024, dispone lo siguiente:

[…]

El Tribunal impondrá honorarios de abogados contra la parte que presenta el recurso bajo este Artículo si su petición resulta carente de mérito y razonabilidad o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley. Los honorarios de abogados bajo este Artículo será una suma igual a los honorarios que las otras partes asumieron para oponerse a la petición judicial. En el caso que el Tribunal entienda que no es aplicable la presente imposición de honorarios de abogados, tendrá que así explicarlo en su dictamen con los fundamentos para ello. […]

**III.**

En el caso de autos, nos corresponde resolver si erró el foro primario al no conceder los honorarios de abogado a la parte peticionaria.

Al entender sobre la expedición de un auto de *certiorari* de naturaleza discrecional, debemos evaluar conforme nos permiten los estándares de revisión establecidas en la normativa previamente expuesta. Solo así, podremos expedir el recurso de *certiorari*

presentado e intervenir con el dictamen recurrido. Establecida esta premisa conceptual, correspondía a la parte peticionaria fundamentar cómo el foro primario se excedió de los parámetros legales o no consideró adecuadamente el derecho aplicable.

En síntesis, los peticionarios alegan que los recurridos mantuvieron activo un pleito durante casi un año impugnando los permisos de una construcción, los cuales resultó que sí tenían, y posteriormente decidieron presentar un desistimiento voluntario, bajo el argumento de que el perito estaba hospitalizado. Por ello, reiteran que la conducta de los recurridos fue frívola y el foro *a quo* cometió un claro error de derecho al negarse a aplicar la penalidad mandatoria que dispone el Artículo 14.1 de la Ley Núm. 161-2009.

En consideración a lo anterior, el foro primario en su *Resolución* consignó lo siguiente:

> […] la parte demandante alegó consistentemente que el permiso impugnado había sido emitido en violación a la reglamentación aplicable y sostuvo que contaba con prueba pericial para sustentar sus planteamientos. El desistimiento ocurrió tras surgida la indisponibilidad inesperada del perito de la parte demandante debido a una situación de salud. Aunque dicha situación provocó inconvenientes procesales y preparación innecesaria para la parte demandada, ello, por sí solo, no establece automáticamente frivolidad, o que la reclamación carecía de mérito o razonabilidad al momento de su presentación. Asimismo, este Tribunal no encuentra prueba suficiente para concluir que la acción fue presentada con el propósito de paralizar una obra sin fundamento en ley, según contemplado en el Artículo 14.1 de la Ley Núm. 161-2009.

Es ampliamente conocido que el foro primario goza de amplia discreción en la tramitación de los casos que tiene ante sí. *Mejías et al. v. Carrasquillo et al.,* supra; *Vives Vázquez v. ELA*, supra. La discreción es la

facultad que posee un tribunal para resolver de una forma u otra, o escoger entre varios cursos de acción. *VS PR, LLC v. Drift-Wind,* supra. En consecuencia, las decisiones tomadas por el tribunal de instancia son objeto de gran deferencia por parte del foro apelativo. *Citibank et al. v. ACBI et al.,* supra. Por consiguiente, no debemos intervenir con las determinaciones emitidas por el foro *a quo* y sustituir el criterio utilizado en el ejercicio de su discreción, a menos que se pruebe que dicho foro actuó con prejuicio, parcialidad, cometió un claro abuso de discreción, o incurrió en error manifiesto, y que la intervención en esta etapa evitaría un perjuicio sustancial a la parte afectada por su decisión. *BPPR v. Gómez-López*, supra; *VS PR, LLC v. Drift-Wind,* supra.

Por lo tanto, evaluado el expediente ante nuestra consideración y aplicando la normativa antes expuesta, no encontramos razones que justifiquen intervenir con la determinación emitida por el foro primario. A su vez, tampoco se cumple con alguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Por consiguiente, denegamos la expedición del auto de *certiorari*.

### IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el recurso de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones